IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STUART T. GUTTMAN,

        Plaintiff,

v.   No. CIV 04-1188 JB/WDS

HERBERT M. SILVERBERG,

        Defendant.

## AMENDED MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Herbert M. Silverberg's Motion for Remand, for Attorneys' Fees, and for Monetary Sanctions, filed October 28, 2004 (Doc. 4). The primary issue is whether a plaintiff can remove a case to federal court from state court. Because a plaintiff cannot remove a case from state court to federal court, the Court will grant the motion to remand and will deny the Defendant Herbert M. Silverberg's request for fees and costs incurred in bringing this motion. The Court will deny the request for sanctions against Plaintiff Stuart T. Guttman.

## PROCEDURAL BACKGROUND

Guttman filed suit against Silverberg in the Second Judicial District Court, County of Bernalillo, State of New Mexico. See Petition for Removal, at 1, filed October 19, 2004 (Doc. 1). On October 19, 2004, Guttman filed a Petition for Removal with this Court, indicating the removal was based on 28 U.S.C. § 1443. See id. Guttman's Complaint from the state suit is not attached to his Petition for Removal, but it appears that he has quoted most, if not all, of his Complaint in the body of the petition. The petition contains text alleging fraud, violations of the New Mexico Unfair

Trade Practices Act, and "Issues of Bias Involving Violations of § 1443 and 42 U.S.C. § 1983." Id. at 6, 7, 8.

Silverberg moves the Court to remand this case to state court because: (i) removal is sought by a plaintiff, not a defendant; and (ii) the underlying Complaint does not present a bona fide federal question. Silverberg also requests an award of attorney's fees in the amount of $150.00 and monetary sanctions of $1000.00.

## 28 U.S.C. § 1443

Under 28 U.S.C. § 1443, a defendant may remove a case involving laws providing for equal civil rights. See Colorado v. Smith, 51 Fed. Appx. 852, 853 (10th Cir. December 4, 2002)(unpublished). Section 1443 provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

## ANALYSIS

Guttman lacked any legal basis to remove this lawsuit from state to federal court.

**I.  THE PARTY INITIATING THE LAWSUIT MAY NOT REMOVE A CASE.**

Congress has given the right to remove lawsuits to defendants, not to plaintiffs. See 28 U.S.C. §1443("Any of the following civil actions or criminal prosecutions, commenced in a State

court may be removed **by the defendant** to the district court of the United States for the district and division embracing the place wherein it is pending. . . .")(emphasis added). In Hamburg v. Goshen County Att'y, 1993 U.S. App. LEXIS 21858 (10th Cir. August 27, 1993)(unpublished), the district court remanded a case to state court after the plaintiff removed it pursuant to 28 U.S.C. § 1443. The United States District Court for the Tenth Circuit affirmed the remand order: "Section 1443 permits the defendant to certain state court actions to remove that action to federal court. Plaintiff was not the defendant to the state action that he wished to remove to federal court. Consequently, the district court correctly remanded the state court action." Id. at *2-3. See also Bartnick v. City of Greenwood Village, 1995 U.S. App. LEXIS 18449, *3 (10th Cir. July 20, 1995)(unpublished)(affirming district court's holding that plaintiff's removal notice was procedurally defective).

Guttman commenced a civil action in the Second Judicial District Court by filing a complaint. See N.M. R. Civ. P. 1-003. Accordingly, Guttman is a plaintiff and is not entitled to remove this case to federal court.[1]

## II.   **ATTORNEYS FEES ARE NOT WARRANTED.**

Section 1447(c) authorizes a district court that has decided to remand a case to impose costs and actual expense, "including attorney fees," as part of an order remanding a case to state court. See, e.g., Maguire Oil Co. v. City of Houston, 143 F.3d 205, 207 (5th Cir. 1998). Although Guttman's attempted removal did not have a legal basis and did not comply with applicable

---

[1] Given that the Court is remanding the case, it need not decide whether, if Guttman had originally filed his action in federal court, the Complaint would have invoked federal question jurisdiction. While it appears that Guttman quotes most, if not all of his C omplaint in the petition for remand, Guttman did not attach the actual Complaint to the petition for removal, and it is thus not squarely before the Court.

procedural law, the Court does not believe attorneys fees are warranted.

> There is authority in many types of cases for the position that a pro se litigant who is also an attorney should not be awarded attorney's fees. *See*, *e.g.*, *Kay v. Ehrler*, 499 U.S. 432, 113 L. Ed. 2d 486, 111 S. Ct. 1435 (1991)(denying an award of attorney's fees for a prevailing attorney pro se litigant seeking fees under 42 U.S.C. § 1988, the fee-shifting provision applicable to § 1983 claims); *Hawkins v. 1115 Legal Serv. Care*, 163 F.3d 684, 694 (2d Cir. 1998)(holding that a pro se attorney plaintiff is not permitted to recover attorney's fees in a Title VII or a § 1981 action); SEC v. Waterhouse, 41 F.3d 805, 808 (2d Cir. 1994)(holding that a pro se attorney may not be granted fees under the Equal Access to Justice Act); *Belmont v. Associates Nat'l Bank (Del.)*, 119 F. Supp. 2d 149, 2000 WL 1469511 at 15 (E.D.N.Y.)(Trager, J.)(denying fees to an pro se attorney who brought claim under the Truth in Lending Act because "Supreme Court and appeals court precedents on similar fee-shifting provisions of other federal remedial statutes compels this result"). . . .

In Re Texaco Inc. Shareholder Derivative Litigation, 123 F. Supp. 2d 169, 172-73 (S.D.N.Y. 2000)(internal footnotes omitted).  Several courts have declined to award fees under § 1447(c) to an attorney acting pro se.  See Ezra v. BWIA Int'l Airways, Ltd., 2000 U.S. Dist. LEXIS 13069, *3-4 (E.D.N.Y.)(Gleeson, J.)(declining to award attorney's fees to an "experienced" attorney acting pro se under 28 U.S.C. § 1447(c) to remand his case to state court); Tempelman v. Colsia, 2002 U.S. Dist. LEXIS 19037, *9 (D. N.H. 2002)(denying request for fees and costs pursuant to § 1447(c) because "[o]rdinarily, pro se litigants cannot recover attorneys' fees because they have not paid for the services of an attorney").

The parties have not raised or briefed the issue whether a pro se defendant can recover fees for a remand motion.  While all the authority is against an award of fees to Silverberg, the Court need not decide whether a pro se defendant can ever recover fees.  Nevertheless, it is a factor that goes into the Court's exercise of its discretion.  Here, both Guttman and Silverberg are proceeding pro se on this motion.  There is no indication that Guttman's removal was in bad faith.  Accordingly, the Court declines to grant Silverberg's request for attorney fees of $150.00.

**III.     THE COURT WILL NOT IMPOSE RULE 11 SANCTIONS.**

Section 1446(a) provides that notices of removal are subject to rule 11's provisions, which permit the court to impose sanctions for inappropriate pleadings and motions. See 28 U.S.C. §1446(a); Fed. R. Civ. P. 11. Silverberg contends the Court must hold Guttman, although proceeding pro se, to the same standard as a lawyer when reading and complying with simple statutory language. See Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994)("While we of course liberally construe pro se pleadings, an appellant's pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").

The Court does not believe that Guttman has proceeded in bad faith, but rather from a misunderstanding of removal rules and procedures. Moreover, rule 11 requires Silverberg to undertake certain steps before asking the Court to award him rule 11 sanctions. Rule 11 requires Silverberg to make a motion for sanctions "separately from other motions or requests and [to] describe the specific conduct alleged to violate [rule 11] subdivision (b)." Fed. R. Civ. P. 11(c)(1)(A). The motion must be served, but may not be filed with the Court unless "within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." Id. If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. See id.

It does not appear from the materials presented that Silverberg complied with the procedural requirements for filing a motion for sanctions under rule 11 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 11(c)(1)(A). The Court will, therefore, deny Silverberg's request for sanctions.

**IT IS ORDERED** that the Defendant Herbert M. Silverberg's Motion for Remand, for Attorneys' Fees, and for Monetary Sanctions is granted in part and denied in part. This action is remanded to the Second Judicial District Court, County of Bernalillo, State of New Mexico. The Court denies Silverberg's request for attorneys fees and for sanctions against Plaintiff Stuart T. Guttman.

_____
UNITED STATES DISTRICT JUDGE

Stuart T. Guttman
Truth or Consequences, New Mexico

>	*Plaintiff Pro Se*

Herbert M. Silverberg
Albuquerque, New Mexico

>	*Defendant Pro Se*